**ZURICH–AMERICAN INSURANCE GROUP, Plaintiff–Appellant,**

v.

**Jerelyn B. YATES, Executrix of the Estate of Jenise B. Connerton, Defendant–Appellee.**

Nos. 02–4375, 03–3124.

United States Court of Appeals, Sixth Circuit.

April 15, 2004.

---

Laura M. A. Faust, Marshal M. Pitchford, Roetzel & Andress, Akron, OH, for Plaintiff–Appellant.

James J. Gutbrod, Walkley, Kennedy & Gutbrod, Norton, OH, for Defendant–Appellee.

Before SUHRHEINRICH, GIBBONS, and SUTTON, Circuit Judges.

PER CURIAM.

On October, 19, 2001, Rose Marie Sweazy's car collided with another vehicle after she negligently drove it through a stop sign. Jenise B. Connerton, a passenger in Sweazy's car, died as a result of injuries she sustained in the accident. At the time of the accident, Connerton worked for Barberton Citizens Hospital ("Barberton"), which—through its parent corporation, Triad Hospitals Inc.—held an automobile liability insurance policy with plaintiff-appellant Zurich–American Insurance Group ("Zurich"). As executrix of Connerton's estate, defendant-appellee Jerelyn B. Yates filed a claim with Zurich on behalf of the estate for underinsured motorist benefits due to Connerton under the policy as a consequence of the accident. Zurich denied the claim and filed suit against Yates in the United States District Court for the Northern District of Ohio seeking a declaratory judgment that Connerton was not covered under Barberton's policy with Zurich for the purposes of the accident. Each party filed a motion for summary judgment. The district court found that, in light of *Scott–Pontzer v. Liberty Mutual Fire Insurance Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), Connerton was insured under the policy and that the policy entitled her to underinsured motorist benefits for losses sustained as a result of the accident.[1] Except on the issue of whether any recovery under the policy should be set-off by a settlement between Sweazy and Connerton's estate, the court denied Zurich's motion for summary judgment and entered summary judgment for Yates, which Zurich now appeals.

In *Scott–Pontzer*, the Supreme Court of Ohio held that, when the named insured in an automobile insurance policy is a corporation and the policy defines who is an insured as including "you", the "you"—absent clarifying language—refers to both the corporation and its employees. *Id.* at 664–65, 710 N.E.2d 1116. The court also held that, unless a policy provides otherwise, an employee's coverage under such a policy is not limited to losses sustained in the scope of employment. *Id.* at 666, 710 N.E.2d 1116. Subsequent to the district court's opinion in the case *sub judice*, the Supreme Court of Ohio limited *Scott–Pontzer* by holding that, "[a]bsent specific language to the contrary, a policy of insurance for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 797 N.E.2d 1256, 1271 (2003).

The parties do not dispute that, at the time of the accident, Connerton was not acting within the course and scope of her employment with Barberton. Nor do they dispute that the policy between Barberton

---

1. The parties agree that Ohio law governs the claims in this case.

and Zurich includes no stipulation that Barberton's employees are covered for losses sustained outside the course and scope of their employment. The parties further agree that, in light of *Galatis,* Connerton was not covered as an insured by Barberton's policy with Zurich for the purposes of the accident. So do we. Therefore, we reverse the district court's grant of summary judgment to Yates, reverse its denial of summary judgment to Zurich, and remand the case for entry of judgment in favor of Zurich in accordance with this opinion.